1
2
3
4
5                       **UNITED STATES DISTRICT COURT**
6                            **DISTRICT OF NEVADA**
7

8    KENNETH DUANE MANNING, #18983,        )
                                            )
9               Plaintiff,                  )         Case No.  2:11-cv-00896-KJD-CWH
                                            )
10   vs.                                    )         **ORDER**
                                            )
11   FRANK MASTERS, *et al.,*               )
                                            )
12              Defendants.                 )
     _____)

13
14          This matter is before the Court on Plaintiff's Motion to Subpoena (#14), filed January 27, 2012,
15   and Defendants' response (#18), filed February 10, 2012.

                                **BACKGROUND**
16
17          Plaintiff is incarcerated and in the custody of the Nevada Department of Corrections.  His
18   application for leave to proceed *in forma pauperis* and initial complaint were filed on June 2, 2011.
19   (#1).  The application to proceed *in forma pauperis* was originally deferred and the initial complaint
20   dismissed with leave to amend.  (#2).  Plaintiff filed his amended complaint on July 28, 2011.  In its
21   screening order, the Court deferred ruling on the *in forma pauperis* application but determined that
22   Plaintiff had adequately stated a Fourteenth Amendment due process claim based on the allegation that
23   he had been given psychiatric drugs against his will.  (#6).  Thereafter, this action was stayed for ninety
24   (90) days to allow the parties to pursue informal dispute resolution.   On November 14, 2011, the
25   Nevada Attorney General's office filed a status report indicating that the parties were not successful in
26   their settlement discussions.  (#9).  On November 17, 2011, the Court entered an order granting
     Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.
27
28          By way of the instant motion, Plaintiff requests an order (1) appointing an expert witness and
     (2) issuing a subpoena to obtain his medical records.  *See* Pl's Mot. (#14).  Defendants argue the motion

should be denied because Plaintiff failed to file points and authorities supporting the motion in violation

of Local Rule ("LR") 7-2(d) and because it is premature until the Court rules on Defendants' motion to

dismiss.[1]

**DISCUSSION**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and (b).  Although

section 1915 does allow commencement of a suit without prepayment of fees and costs upon a showing

of indigency, it does not authorize federal courts to finance or subsidize a civil action or appeal by

paying expert fees or other costs.  *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir.

1997); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Dawson v. California Dept. of

Corrections*, 2007 WL 2288327 (N.D. Cal.);  *Bovarie v. Schwarzenegger*, 2011 WL 7468597 (S.D.

Cal.).  Nevertheless, federal courts may appoint experts under Federal Rule of Evidence 706, which

provides: "The Court may appoint any expert witnesses agreed upon by the parties, and may appoint

expert witnesses at its own selection."  Fed. R. Evid. 706(a).  The appointment of an expert is not

mandatory but left to the discretion of the court.  *Dawson*, 2007 WL 2288327 *6 (citations omitted).

When considering a request for appointment of an expert, it is generally appropriate for courts to

provide a reasoned explanation for its determination.  *See Bovarie*, 2011 WL 7468597 at n. 10 (citation

omitted).  An appointed expert is "paid by the parties in such proportion and at such times as the court

directs."  Fed. R. Evid. 706(b).

Importantly, appointment of an expert under Rule 706 is not a means to sidestep section 1915

and its prohibition against appointing an expert witness to assist an indigent litigant.  *Stakey v. Stander*,

2011 WL 887563 at n. 1 (D. Idaho), citing *Boring v. Kozakiewics*, 833 F.2d 468, 474 (3d Cir. 1987)

(allowing a court to pay for an inmate's expert witness would be "granting inmates better treatement

than fellow citizens who are not incarcerated"); *see also Hooker v. Adams*, 2007 WL 4239570 (E.D.

Cal.) (noting the "burgeoning docket" of inmate civil rights cases and urging caution in apportioning

---

[1]  The Court rejects the assertion that Plaintiff's motion should be denied for failure to comply with LR
7-2(d).  Plaintiff is proceeding *in forma pauperis* and representing himself *pro se*.  Courts must liberally construe
the pleadings of *pro se* parties.  *See United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990).  The motion
is not articulate, but Plaintiff has set forth enough to enable the Court and opposing counsel to adequately address
the requested relief.

1    the costs of expert witness to the government).  The principal purpose of a court-appointed expert is to

2    assist the trier of fact from a position of neutrality, not to serve as an advocate.  *Stakey*, 2011 WL

3    887563 *3; *see also Gomez v. Sogge*, 2010 WL 2612319 (N.D. Cal.) (Expert witnesses cannot be

4    appointed solely to aid a litigant in presenting his case, but must be necessary to aid the court) (citation

5    omitted).  "Whether an expert is needed is a decision to be made in context of the standard of law

6    governing the claims and defenses at issue."  *Stakey*, 2011 WL 887563 *3.

7       This case centers on Plaintiff's claim that he was given antipsychotic medication in violation of

8    his Fourteenth Amendment due process rights.  *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977);

9    *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *United States v. Williams*, 356 F.3d 1045, 1053 (9th

10    Cir. 2004) ("The Supreme Court has thrice recognized a liberty interest in freedom from unwanted

11    antipsychotic drugs.") (internal quotations and citations omitted).  Although inmates have a substantial

12    liberty interest in avoiding the unwarranted administration of antipsychotic drugs, they may be treated

13    with antipsychotic drugs against their will if they are a threat to themselves or others and the treatment

14    is in the inmate's medical interest. *See Washington v. Harper*, 494 U.S. 210, 227, 229 (1990).  "Under

15    *Harper*, forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of

16    overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S.

17    127, 135 (1992).  The procedures by which medical personnel determine whether a detainee or prisoner

18    can be medicated against his or her will comport with substantive due process if they are reasonably

19    related to the legitimate penological interest in combating the danger posed by a violent, mentally ill

20    inmate. *Harper*, 494 U.S. at 224; *see also id.* at 231 (holding that the State is not prohibited from

21    "permitting medical personnel to make the decision [to medicate] under fair procedural mechanisms").

22       Importantly, "[t]he unique nature of involuntary antipsychotic medication and the attendant

23    liberty interest require that imposition of such a condition occur only on a medically-informed record."

24    *Williams*, 356 F.3d at 1056.  Courts have refrained from mandating an exact procedure for medical

25    input into involuntary antipsychotic medication, but there is an emphasis on "the importance of

26    independent medical decision-making and [] the available opportunity for the prisoner to challenge

27    medical evidence. *Id*. (citing *Harper*, 494 U.S. at 233-35).  In addressing a claim that an inmate was

28    administered medication against his will, the Court must ensure that there is a medically-informed

3

1   record.  *Williams*, 356 F.3d at 1056 (holding that the requirement that medically-informed records be
2   developed before mandatory antipsychotic medication conditions are imposed encompasses an
3   independent and timely evaluation by a medical professional that includes attention to the type of drugs
4   proposed, their dosage, and the expected duration of a person's exposure, as well as an opportunity for
5   the recipient to challenge the evaluation and offer his or her own medical evidence in response).  To
6   adequately address the decision by prison officials or personnel to administer antipsychotic medication
7   may require the appointment of an independent medical expert under Rule 706.  But the requirement of
8   medically-informed and independent record does not necessarily compel such an appointment.

9        Regardless of the foregoing, the Court agrees with Defendants that Plaintiff's request is
10  premature at this time.  Defendants have filed a motion to dismiss pursuant to Rule 12(b) requesting
11  that this case be dismissed due to Plaintiff's failure to exhaust administrative remedies prior to initiating
12  the lawsuit.  As a general matter, The Federal Rules of Civil Procedure do not provide for automatic or
13  blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v.*
14  *City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a
15  motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision,
16  and finding that a stay of discovery is directly at odds with the need for expeditious resolution of
17  litigation).  Despite the failure to file a formal motion, the Court will construe Defendants' response to
18  the instant motion as a countermotion to stay discovery.

19       Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*,
20  863 F.2d 681, 685 (9th Cir. 1988). Previous published decisions in this district have addressed the
21  standard to be applied in deciding whether to stay discovery pending a decision on a dispositive motion.
22  Ordinarily, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of
23  discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting*
24  *System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D. Nev. 1997) (quoting *Twin City Fire Ins. v.*
25  *Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)).  The party seeking the stay
26  "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing
27  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)). "Where a party claims that dismissal is
28  likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion."

4

1   *Id.* (citation omitted). Here, the Court has reviewed the various arguments set forth by Defendants in

2   support of their motion to dismiss and, without expressing a view one way or the other on the merits of

3   the motion, finds that Defendants have met their burden to show that discovery should be stayed.

4       Defendants' primary argument is that the complaint must be dismissed because Plaintiff failed

5   to exhaust his administrative remedies prior to filing suit. "The Prison Litigation Reform Act [PLRA]

6   requires that a prisoner exhaust available administrative remedies before bringing a federal action

7   concerning prison conditions." *Griffin v. Arpaio,* 557 F .3d 1117, 1119 (9th Cir.2009) (citing 42 U.S.C.

8   § 1997e(a)). A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v.*

9   *Bock,* 549 U.S. 199, 218 (2007). Once within the discretion of the district court, the exhaustion of

10  administrative remedies is mandatory. *Booth v. C.O. Churner,* 532 U.S. 731 (2001). Those remedies

11  "need not meet federal standards, nor must they be 'plain, speedy, and effective.' *Porter v. Nussle,* 534

12  U.S. 516, 524 (2002) (citing *Booth,* 532 U.S. at 739-40 n. 5). Even when the prisoner seeks remedies

13  not available in the administrative proceedings, notably money damages, exhaustion is still required

14  prior to filing suit. *Booth,* 532 U.S. at 741. The Supreme Court has strictly construed section 1997e(a).

15  *Id.* at 741 n. 6 ("We will not read futility or other exceptions into statutory exhaustion requirements

16  where Congress has provided otherwise.").

17      The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative

18  defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted.

19  *Jones v. Bock,* 549 U.S. 199, 216 (2007); *Wyatt v. Terhune,* 315 F.3d 1108, 1117 n. 9 (9th Cir.2003),

20  *cert denied,* 540 U.S. 810 (2003). However, if the affirmative defense of non-exhaustion appears on the

21  face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones,* 549

22  U.S. at 215.  Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim,

23  and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt,* 3154 F.3d at 1119. "[I]f the

24  district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

25  dismissal of the claim without prejudice." *Id.* at 1119-20.

26      After review, it does not appear from the face of the pleadings that Plaintiff exhausted his

27  administrative remedies prior to filing this suit.  Moreover, in response to Defendants' motion to

28  dismiss (#12), Plaintiff appears to concede that he misunderstood, and therefore failed to exhaust, his

5

administrative remedies.  Exhaustion is required regardless of the relief sought by the prisoner, *see Booth*, 532 U.S. at 741, and prisoners "must use all steps the prison hold out, enabling the prison to reach the merits of the case."  *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  The failure to exhaust administrative remedies supports dismissal even in instances where a prisoner challenges the involuntary administration of antipsychotic medication.  *Nelson v. CSP Solano Data Entry Personnel*, 2009 WL 5215596 (E.D. Cal. (Dismissing claim that prison personnel administered antipsychotic medication against the prisoner's will for failure to exhaust administrative remedies prior to filing suit); *see also Obriecht v. Raemisch*, 517 F.3d 489 (7th Cir. 2008) (same); *Seymour v. Philbin*, 2011 WL 4449674 (M.D. Ga.) (same); *Shephard v. Cohen*, 2011 WL 284958 (E.D. Cal.) (same).

 Based on the foregoing and good cause appearing therefore,

 **IT IS HEREBY ORDERED** that Plaintiff's Motion to Subpoena (#14) is **denied without prejudice**.

 **IT IS FURTHER ORDERED** that discovery in this action is stayed pending resolution of Defendants' Motion to Dismiss (#12), filed January 13, 2012.

 Dated this 25th day of April, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge