# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH DUANE MANNING,

    Plaintiff,

v.

FRANK MASTERS, *et al.*,

    Defendants.

Case No. 2:11-CV-00896-KJD-CWH

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#12). Plaintiff filed a response in opposition(#15/19) to which Defendants replied (#20). Plaintiff also filed a Motion to Dismiss Defendants' Motion to Dismiss (#21) due to perjury. Defendants filed a response in opposition (#22). Good cause lacking Plaintiff's motion is denied.

I.  Background

    On July 28, 2011, Plaintiff, an inmate in the custody of the Nevada Department of Corrections, filed his First Amended Civil Rights Complaint (#4) pursuant to 42 U.S.C. § 1983. The Court screened the Amended Complaint and allowed Plaintiff's Fourteenth Amendment due process claim to proceed, but dismissed his equal protection claim. Plaintiff's surviving count alleges that during a conversation that took place on April 13, 2011, he asked the psychologist, Defendant Michele Mouton, if she was a transsexual. The complaint alleges that a week later during his

monthly treatment evaluation Mouton insisted that he be placed on forced medication. Defendant Frank Masters subsequently placed Plaintiff on forced medication allegedly for questioning Mouton's gender and due to Plaintiff's poor personal hygiene. Defendants have now moved to dismiss Plaintiff's claim for failure to exhaust administrative remedies.

II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1994 requires that a prisoner exhaust any and all administrative remedies before filing a case in federal court. See Woodford v. Ngo, 548 U.S. 81, 85 (2006). "Proper exhaustion demands compliance with an agency's procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See id. at 368 n.3 (1988).

The State of Nevada has given the NDOC the power to enact regulations to establish a grievance procedure for inmates. See Nev. Rev. Stat. § 209.243. A prisoner must initiate the grievance procedure by filing an administrative claim "within [six] months after the date of the alleged loss, damage or injury." Id. In accordance with section 209.243, the NDOC has adopted Administrative Regulation 740 ("AR 740"), establishing a grievance process for resolution of inmate problems and concerns.

III. Analysis

Defendants assert that a review of the Nevada Inmate Tracking Information System ("NOTIS"), which logs and follows all inmate grievances in the Inmate Issue History Report,

conclusively demonstrates that Plaintiff never filed any grievances related to the facts in his first amended complaint.  In response, Plaintiff does not assert that he actually filed any grievances. Instead, he argues that due to the effects of the medication he was forced to take, and other mental disabilities, he was physically and mentally unable to file any grievances.  The Court disagrees.

The record conclusively demonstrates that Plaintiff was not so impaired as to be able to file grievances.  The NOTIS records show that Plaintiff filed grievances and appeals of denied grievances, unrelated to the present facts, on April 5, April 11, April 18, April 29, May 11, May 24, June 15, June 27, July 7, July 13, and July 22, 2011.  Plaintiff's Application to Proceed *In Forma Pauperis* was filed on June 2, 2011 and his First Amended Complaint was filed on July 28, 2011. The filing of the unrelated grievances, the filing of his initiating court documents and first amended complaint conclusively demonstrate that Plaintiff was not too impaired to file grievances related to the facts in his complaint.  Therefore, Defendants' motion to dismiss is granted due to Plaintiff's failure to exhaust his administrative remedies.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss (#21) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 25TH day of April 2012.

Kent J. Dawson
United States District Judge